IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. STEPHAN LAJUAN BEASLEY, SR.**

**Appeal from the Criminal Court for Hamilton County**
**No. 199784     Don W. Poole, Judge**

---

**No. E2015-02528-CCA-R3-CD**

---

The pro se appellant, Stephan Lajuan Beasley, Sr., appeals as of right from the Hamilton County Criminal Court's order denying his motion for correction of illegal sentence. Tenn. R. Crim. P. 36.1. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the Hamilton County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stephan Lajuan Beasley, Sr., Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

This court has detailed previously most of the procedural history of the appellant's challenges to his 1994 first degree murder conviction:

> In 1994, a Hamilton County Criminal Court Jury convicted the petitioner of first degree premeditated murder and sentenced him to life imprisonment without the possibility of parole. The petitioner appealed his conviction, arguing that the State failed to prove premeditation and deliberation, and this court affirmed his conviction and sentence. *See State*

*v. Stephen Lajaun Beasley,* No. 03C01-9509-CR-00268, 1996 WL 591203, at *1 (Tenn. Crim. App., at Knoxville, Oct. 10, 1996).

Thereafter, the petitioner filed for post-conviction relief, alleging that his trial counsel was ineffective. The post-conviction court denied the petition, and, on appeal, this court affirmed the judgment of the post-conviction court. *See Stephen Lajuan Beasley v. State,* No. E2000-01336-CCA-R3-PC, 2001 WL 387385, at *1 (Tenn. Crim. App., at Knoxville, Apr. 17, 2001).

In 2004, the petitioner filed a petition for a writ of habeas corpus, "alleging that the indictment was defective; that the state improperly amended the indictment during trial; that there was a fatal variance between the indictment and the proof at trial; and that the sentence was illegal because the jury was permitted to consider improper evidence during the sentencing phase." *Stephen Lajuan Beasley v. State,* No. E2005-00367-CCA-MR3-HC, 2005 WL 3533265, at *1 (Tenn. Crim. App. at Knoxville, Dec. 27, 2005). The habeas corpus court summarily dismissed the petition, the petitioner appealed, and this court affirmed the judgment of the habeas corpus court. *Id.*

In August 2011, the petitioner filed a second petition for a writ of habeas corpus, arguing that "the trial court 'had no jurisdiction to instruct trial jury and argue murder in perpetration of felony reckless' [and that] he 'was not indicted nor charged with the offense of Burglary or theft, nor did Petitioner plea[d] guilty [to] such offenses.'" *Stephen L. Beasley v. State,* No. W2011-01956-CCA-R3-HC, 2012 WL 2384051, at *3 (Tenn. Crim. App., at Jackson, June 25, 2012). The habeas corpus court summarily dismissed the petition, the petitioner appealed, and this court affirmed the judgment of the habeas corpus court.

*Stephan L. Beasley, Sr. v. State*, No. E2012-02208-CCA-R3-HC, slip op. at 1 (Tenn. Crim. App., at Knoxville, Oct.15, 2013) (affirming third denial of habeas corpus relief).

Subsequently, the appellant filed a petition for writ of error coram nobis in the Hamilton County Criminal Court. This court affirmed the trial court's denial of relief. *Stephan Lajuan Beasley, Sr. v. State*, No. E2013-00695-CCA-R3-CO (Tenn. Crim. App., at Knoxville, June 1, 2014). The appellant also sought an appeal from the denial of a writ of certiorari, which was dismissed by this court. *Stephan L. Beasley, Sr. v. State*, No. E2014-00698-CCA-R3-CO, Order (Tenn. Crim. App., at Knoxville, Nov. 19, 2014).

Most recently, this court denied the appellant's petition for writ of certiorari filed directly to this court. *Stephan L. Beasley v. State*, No. E2015-00024-CCA-WR-CO, Order (Tenn. Crim. App., at Knoxville, Jan. 14, 2015).

On April 20, 2015, the appellant filed in the Hamilton County Criminal Court a motion to correct clerical error pursuant to Tennessee Rule of Criminal Procedure 36, alleging that his sentence of life imprisonment without the possibility of parole was erroneously enhanced by an improper prior violent felony conviction. The trial court summarily dismissed the motion. The appellant did not seek an appeal from the court's judgment.

In October 2015, the appellant filed in the Hamilton County Criminal Court a motion to correct illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his life imprisonment without the possibility of parole sentence was illegal because such a sentence was not an available punishment at the time the offense was committed. The trial court summarily denied the 36.1 motion, finding that the punishment of life without the possibility of parole was a possible punishment at the time of the offense, October 1993, and that the imposition of sentence had been affirmed on direct appeal. The appellant filed a notice of appeal from the denial of the 36.1 motion.

Initially, the State argues that this appeal should be dismissed due to an untimely filed notice of appeal. The record reflects that the appellant directed the notice of appeal to this court, rather than the trial court, with a received date of December 7, 2015. The notice of appeal was file-stamped by the trial court on December 18, 2015. The pleading states that the appellant seeks an appeal as of right from the court order "tendered on November 17, 2015." The appellate record reflects that trial court denied the 36.1 motion on November 4, 2015, and then denied a motion to rehear on December 1, 2015. While acknowledging that the State correctly argues that a motion to rehear would not toll the time for filing the notice of appeal, we conclude that the circumstances of this case warrant a waiver of the timely filing of the notice of appeal and will consider the appellant's substantive issue concerning the denial of the 36.1 motion.

At the time the appellant filed his Rule 36.1 motion, Tennessee Rule of Criminal Procedure 36.1, provided, in part:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

3

Tenn. R. Crim. P. 36.1(a) (2015).

The offense for which the appellant was convicted occurred on October 19, 1993. Effective July 1, 1993, Tennessee Code Annotated section 39-13-202(c) provided three possible punishments for the offense of first degree murder: death, life imprisonment without the possibility of parole, and life imprisonment. Therefore, the sentence imposed in the appellant's case is not illegal, and the trial court correctly denied the 36.1 motion.

Accordingly, we affirm the judgment of the Hamilton County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE